UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DEWAYNE HAWKES,

                      Plaintiff,

-against-

Police Officer ARTHUR J. EGNER, Shield No. 3602; Sergeant BEATRICE SHAFIDIYA, Shield No. 4079; Lieutenant JOHN HOPKINS; Police Officer RAFAEL FIGUEROA, Shield 25243; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 3560 (RJD) (VVP)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Dewayne Hawkes ("plaintiff" or "Mr. Hawkes") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Arthur J. Egner, Shield No. 3602 ("Egner"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Egner is sued in his individual and official capacities.

8. Defendant Sergeant Beatrice Shafidiya, Shield No. 4079 ("Shafidiya"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Shafidiya is sued in her individual and official capacities.

9. Defendant Lieutenant John Hopkins ("Hopkins"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hopkins is sued in his individual and official capacities.

10. Defendant Police Officer Rafael Figueroa, Shield No. 25243 ("Figueroa"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Figueroa is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 11:00 a.m. on May 15, 2013, plaintiff was lawfully present in the vicinity of 213 Osborn Street in Brooklyn, NY.

15. Mr. Hawkes observed the police dragging what appeared to be a ten or eleven year old child down the street in handcuffs.

16. Alarmed, Mr. Hawkes took out his cellular phone to document the incident.

17. Lacking reasonable suspicion to do so, the defendants aggressively approached Mr. Hawkes, demanded his identification, violently grabbed his phone and began to assault him.

18. The defendants handcuffed Mr. Hawkes and drove him to the precinct.

19. While he was handcuffed – both in the police car and at the precinct –

the defendants continued to assault Mr. Hawkes.

20. The defendants arrested Mr. Hawkes in retaliation for his efforts to document their misconduct, knowing that they lacked probable cause.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engage in disorderly conduct, resisting arrest and obstruction of governmental administration.

22. At no point did the officers observe plaintiff commit these or any other crime or infraction.

23. Plaintiff was then transferred to Central Booking.

24. Plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

25. After approximately 24 hours in custody, plaintiff was released.

26. As a result of missing work while in custody, Mr. Hawkes lost his job.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, lost wages and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against plaintiff.

39. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

40. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The individual defendants issued legal process to place plaintiff under arrest.

44. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, in retaliation for his effort to document their conduct with his cellular phone.

45. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### First Amendment Retaliation

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.  The individual defendants have violated plaintiff's First Amendment rights to speech by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights.  Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

49. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 3, 2013
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*